*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROY JOHN KLINESMITH,

Defendant-Appellant.

FOR PUBLICATION
June 16, 2022
9:10 a.m.

No. 340938
Tuscola Circuit Court
LC No. 16-013834-FH

ON REMAND

Before: M. J. KELLY, P.J., and SAWYER and MARKEY, JJ.

SAWYER, J.

This Court has been directed by the Supreme Court to address the question "whether the rationale of *People v Tucker*, 312 Mich App 645 (2015), regarding the 'recapture' provision of MCL 28.723(1)(c) remains valid in light of *Betts*[1]."[2] We conclude that it is and again affirm the decision of the trial court.

We summarized the facts of this case in our original opinion[3] as follows:

In June 2017, defendant pleaded no contest to operating while intoxicated (OWI), third offense, MCL 257.625(1) and MCL 257.625(9)(c), and to possession of less than 25 grams of a controlled substance (cocaine), MCL 333.7403(2)(a)(*v*). The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to 5 years' probation and 300 days in jail, with 90 days to be served immediately and

---

[1] *People v Betts*, 507 Mich 527; 968 NW2d 497 (2021).

[2] *People v Klinesmith*, ___ Mich ___; ___ NW2d ___ (Order issued 2/2/22).

[3] *People v Klinesmith*, unpublished opinion per curiam, issued November 15, 2018 (Docket No. 340938).

the remaining time deferred. The trial court entered an order of probation requiring defendant to register as a sex offender pursuant to the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. Defendant objected to registering under SORA on the grounds that it was an unconstitutional ex post facto law. The trial court rejected defendant's objection, relying on *People v Tucker*, 312 Mich App 645, 653; 879 NW2d 906 (2015), lv gtd [501 Mich 1077 (2018)]. Defendant appeals by delayed leave granted. We affirm.

In 1983, defendant was convicted of attempted criminal sexual conduct. He was sentenced to four years in prison, and he served two years before being released on parole. SORA was enacted in 1994 and took effect on October 1, 1995. 1994 PA 295; *Tucker*, 312 Mich App at 655. SORA was amended in 2011, 2011 PA 17, to include a "recapture" provision, *Tucker*, 312 Mich App at 649-650, which requires SORA registration for "[a]n individual who was previously convicted of a listed offense for which he or she was not required to register under this act, but who is convicted of any other felony on or after July 1, 2011." MCL 28.723(1)(e). Accordingly, following his 2017 felony convictions, see MCL 257.625(9)(c) and MCL 333.7403(2)(a)(*v*), defendant was required to register as a sex offender.

Defendant argued that his required registration under SORA, "for an offense that occurred more than thirty years ago," amounted to an unconstitutional ex post facto punishment. Defendant relied on *Does #1—5 v Snyder*, 834 F3d 696 (CA 6, 2016), which held that SORA's requirements constitute a punishment. In rejecting defendant's argument, the trial court relied on our holding in *Tucker*, 312 Mich App at 653, that " 'the recapture provision found in MCL 28.723(1)(e) does not violate the Ex Post Facto Clauses of the state and federal constitutions.' " [Footnote omitted.]

This Court concluded in *Tucker* that MCL 28.723(1)(e) was not an ex post facto law. Because the holding in *Tucker* was binding precedent, we affirmed the trial court's determination that defendant was obligated to register under SORA. For the reasons stated below, we conclude that the rationale in *Tucker* remains valid following the decision in *Betts*.

We begin by noting that *Betts* did not involve the recapture provision of MCL 28.723(1)(e).[4] The Supreme Court in *Betts* engaged in an extensive analysis, concluding that SORA provisions at issue constituted punishment rather than civil regulation and, therefore, was subject to the limitations on ex post facto laws.[5] The Court[6] then considered whether the remedies of severability and revival were appropriate, concluding that they were not:

---

[4] Presumably, the defendant in *Betts* was required to register under SORA because he was still serving his sentence for the listed offense at the time SORA took effect. See MCL 28.723(1)(b).

[5] 507 Mich at 562.

[6] 507 Mich at 573-574.

Having determined that severability and revival are inappropriate tools to remedy the constitutional violation in this case, we are constrained to hold that the 2011 SORA may not be retroactively applied to registrants whose criminal acts subjecting them to registration occurred before the enactment of the 2011 SORA amendments.

In light of this language in *Betts*, we must reject defendant's suggestion in his supplemental brief that in *Betts* the "entire 2011 SORA amendatory Act was overturned . . . ." Rather, the holding in *Betts* is much narrower, holding only that the act cannot be applied retroactively to those individuals "whose criminal acts subjecting them to registration occurred before the enactment of the 2011 SORA amendments."[7]

This leads us to the question of which criminal act subjected defendant to the registration requirement: his 1983 criminal sexual conduct conviction or his 2017 conviction for third-offense operating while intoxicated. That answer can be found in *Tucker*. In *Tucker*, like in the case before us, the defendant was convicted of a listed offense (and discharged from his sentence of probation) before the enactment of SORA, but afterwards committed another felony.[8] While *Tucker* reached a different conclusion than *Betts* regarding whether the purpose of SORA was punishment,[9] it did explicitly address the question whether it was the conviction for criminal sexual conduct or the conviction for operating while intoxicated that subjected the defendant to the SORA registration requirement. And the Court[10] concluded that it is the latter conviction that subjects a defendant to the registration requirement:

> We conclude that the recapture provision in MCL 28.723(1)(e) is constitutional. First, the recapture provision did not change the legal consequences of defendant's 1990 conviction. Rather, it attached legal consequences to his 2013 felony conviction. Therefore, that provision does not violate the Ex Post Facto Clauses of the state and federal constitutions.

While the decision in *Betts* may have affected other portions of the *Tucker* decision and those portions are no longer valid, we find nothing in *Betts* that disturbs the conclusion in *Tucker* that the recapture provision of SORA attached legal consequences to the subsequent conviction, not the original conviction. Simply put, had defendant not committed a new felony, he would remain free from the requirements of SORA.

---

[7] *Id.*

[8] 312 Mich App 645 at 649-650.

[9] The Court was addressing the student safety zones and in-person reporting requirements of the act in this regard. 312 Mich App at 683.

[10] 312 Mich App at 683.

For these reasons, we conclude, as did the trial court, that defendant remains subject to compliance with SORA.

Affirmed.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Jane E. Markey